IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM GETZES, *by his mother and*
*next friend, Alice Getzes*,
      Plaintiff

      v.           :    CIVIL NO. 1:13-CV-2067

BEVERLY MACKERETH, *in her official*
*capacity as Secretary of the Department*
*of Public Welfare of the Commonwealth*
*of Pennsylvania*,
      Defendant

*M E M O R A N D U M*

*I.*      *Introduction*

This matter is before the court on the motion to dismiss (Doc. 14) filed by

Defendant Beverly Mackereth, in her official capacity as the Secretary of the Department

of Public Welfare of the Commonwealth of Pennsylvania ("DPW"). Plaintiff William

Getzes opposes the motion. For the reasons that follow, the court will deny the motion.

*II.*      *Background*

      *A.*      *Procedural History*

By complaint filed on August 2, 2013 (Doc. 1), Plaintiff initiated this action

seeking declaratory and injunctive relief stemming from DPW's refusal to authorize his

claim for reimbursement of expenses associated with the installation of fixed dental

bridges, a type of permanent dental restoration used to replace missing teeth.

Specifically, Plaintiff contends that DPW's refusal to authorize payment violates his right

to medically necessary dental care pursuant to Title XIX of the Social Security Act, 42

U.S.C. §§ 1396 *et seq.* ("Medicaid Act"). Plaintiff also claims that DPW's refusal

constitutes a failure to reasonably accommodate his disabling cerebral palsy and seizure

disorder, in violation of Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. §

12132, and § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794.

On October 7, 2013, DPW filed the instant motion to dismiss and

supporting brief (Docs. 14, 15) seeking dismissal of this action on the grounds that

Plaintiff failed to: (1) exhaust his administrative remedies; or (2) state a plausible claim

for discrimination claim under the ADA or RA. Plaintiff filed a brief in opposition (Doc. 18)

on October 17, 2013, and the matter is ripe for disposition.

B.     Facts[1]

Plaintiff is a fifty-one-year-old man with cerebral palsy and a seizure

disorder. (Doc. 1 at ¶ 1). He is intellectually disabled, has limited motor skills, and

requires constant supervision. (*Id.* at ¶ 30). He is enrolled in Pennsylvania's Medical

Assistance program administered by DPW, which provides medical care to needy

individuals pursuant to the Medicaid Act. (*Id.* at ¶¶ 4, 14).

Due to an infection, Plaintiff's dentist removed four of his teeth on May 30,

2013. (*Id.* at ¶ 36). As a result, only seven teeth remain, and Plaintiff is unable to chew

most solid foods. (*Id.* at ¶ 37). Plaintiff requires false teeth to consume solid foods and

---

[1] In light of the applicable standard of review, *see infra*, Part III, the factual
allegations in Plaintiff's complaint are accepted as true for purposes of ruling on the
pending motion to dismiss.

receive proper nutrition, but temporary dentures present a significant choking hazard due to his physical and cognitive limitations. (*Id.* at ¶¶ 39, 41).

On June 21, 2013, Plaintiff's dentist submitted a claim to DPW requesting authorization for payment to provide permanent, fixed dental bridges to Plaintiff in lieu of dentures. (*Id.* at ¶ 42). While the Medical Assistance program pays for dentures for program enrollees such as Plaintiff, DPW denied Plaintiff's request for fixed dental bridges as non-compensable under the program. (*Id.* at ¶¶ 43-44).

III.         *Standard of Review*

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[w]e accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (citation and internal quotation marks omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not

enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted).

The Third Circuit has described the Rule 12(b)(6) inquiry as a three-step process:

> First, a court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

*IV.        Discussion*

DPW seeks dismissal of this action on the grounds that Plaintiff failed to: (1) exhaust his administrative remedies; or (2) state a plausible discrimination claim under the ADA or RA. The court will address each issue in turn.

*A.        Exhaustion*

DPW argues that the court should dismiss this action because Plaintiff failed to exhaust administrative remedies by not appealing DPW's denial of payment for fixed dental bridges to the state board of hearing appeals. (Doc. 15 at 4). Plaintiff, in turn, contends that administrative exhaustion is not a prerequisite to filing suit under the Medicaid Act, ADA, or RA. (Doc. 18 at 2). We agree that Plaintiff was not required to exhaust administrative remedies prior to initiating the instant action.

With respect to his claim under the RA, "section 504 plaintiffs may proceed directly to court without pursuing administrative remedies." *Freed v. Consol. Rail Corp.*, 201 F.3d 188, 194 (3d Cir. 2000); *see also Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52, 53-54 (3d Cir. 2003) (non-precedential) ("[P]laintiffs need not exhaust their administrative remedies prior to bringing suit under § 504 of the [RA], which bars both federal entities and private entities receiving federal funding from discriminating on the basis of disability in any context."); *N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*, 563 F. Supp. 2d 474, 491 (D.N.J. 2008) (same).

Similarly, exhaustion of administrative remedies is not a prerequisite to filing suit under Title II of the ADA. *Weidow v. Scranton Sch. Dist.*, No. 3:08-CV-1978, 2009 WL 2588856, *8, 2009 U.S. Dist. LEXIS 73622, *25-26 (M.D. Pa. Aug. 19, 2009) ("Although Title I of the ADA requires exhaustion [of administrative remedies], Title II does not require it.") (collecting cases); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007) ("We recognize that neither Title II of the ADA nor section 504 of the [RA] generally requires administrative exhaustion before filing suit.") (citation omitted); *Elwell v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 693 F.3d 1303, 1309 (10th Cir. 2012) ("Title II of the ADA lacks the requirement that an otherwise qualified individual exhaust EEOC administrative remedies before bringing suit.") (citation and internal quotation marks omitted).

Plaintiff may likewise proceed on his claim under the Medicaid Act without first exhausting administrative remedies. *See James v. Richman*, 547 F.3d 214, 217-18

(3rd Cir. 2008) (finding that plaintiff was not required to exhaust state administrative remedies before bringing action to permanently enjoin state agency from denying Medicaid benefits); *Romano v. Greenstein*, 721 F.3d 373, 376 (5th Cir. 2013) (stating that a Medicaid claimant was not required to exhaust administrative remedies before seeking review of a state agency decision in federal court); *Roach v. Morse*, 440 F.3d 53, 56-57 (2d Cir. 2006) (noting that "the Medicaid Act does not explicitly or implicitly require exhaustion of state remedies before a litigant sues under [42 U.S.C. ] § 1983").

Accordingly, Plaintiff's purported failure to exhaust administrative remedies is not grounds for dismissing this matter.[2]

### B. Failure to State a Claim

DPW also contends that the complaint fails to state a claim under the ADA or RA because DPW's refusal to authorize payment for fixed dental bridges was an eligibility determination, not discrimination. (Doc. 15 at 8). In essence, DPW argues that its actions were not discriminatory because the Medical Assistance program does not pay for anyone to receive fixed dental bridges, regardless of whether or not the claimant is disabled. Plaintiff asserts that even though funding for fixed dental bridges is not generally available to Medical Assistance participants, DPW's failure to reasonably accommodate his disability by deviating from this rule violated the ADA and RA. For the

---

[2] In the alternative, Plaintiff argues that exhaustion of administrative remedies would have been futile in this instance, or that the attempt he did make to have DPW reverse its denial of payment qualified as exhaustion. (Doc. 18 at 6-7). The court need not address these arguments given our finding that exhaustion was not required.

reasons that follow, the court finds that Plaintiff has stated a plausible discrimination claim under the ADA and RA.

Title II of the ADA provides in pertinent part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the RA states that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

To state a claim under Title II of the ADA, Plaintiff must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. 42 U.S.C. § 12132; *Douris v. New Jersey*, 500 F. App'x 98, 100-01 (3d Cir. 2012) (non-precedential). The substantive standards for determining liability under § 504 of the RA are equivalent to the ADA. *McDonald v. Dep't of Pub. Welfare*, 62 F.3d 92, 94 (3d Cir. 1995).[3] Accordingly, claims under both

---

[3] Section 504 of the RA has an additional "[f]ederal financial assistance" component, *see* 29 U.S.C. § 794(a), which is satisfied here. *Juvelis v. Snider*, 68 F.3d 648, 652 (3d Cir. 1995) ("As a recipient of federal financial assistance, DPW is subject to the requirements of § 504.").

provisions are interpreted consistently. *Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002).

In its motion to dismiss, DPW challenges the second and third elements of Plaintiff's claims under the ADA and RA, contending that it did not deny Plaintiff any "benefit" of the Medical Assistance program on the basis of his disability because payment for fixed dental bridges is not a benefit to which anyone is entitled under the program. This argument, while logical, fails because it too narrowly defines the "benefit" DPW provides. As the Supreme Court has explained, "the benefit . . . cannot be defined in a way that effectively denies otherwise qualified handicapped individuals the meaningful access to which they are entitled; to ensure meaningful access, reasonable accommodations in the . . . program or benefit may have to be made." *Alexander v. Choate*, 469 U.S. 287, 300 (1985).

Here, the "benefit" DPW provides pursuant to the Medicaid Act is "medical assistance," which in this instance include "dental services." *See* 42 U.S.C. § 1396a(a)(10)(A). Plaintiff has sufficiently alleged that he was denied the benefit of medically necessary dental services on the basis of his disability. Specifically, he has alleged that: (1) he requires restorative dental work; (2) his disability prevents him from wearing temporary dentures, which are compensable under the Medical Assistance program; and (3) DPW refuses to reasonably accommodate his inability to wear dentures by authorizing payment for the alternative–permanent fixed dental bridges. While such payment would be a deviation from DPW's program under which fixed dental bridges are

-8-

non-compensable, failure to alter the program or benefit can constitute discrimination under the ADA and RA.

Ultimately,  DPW can avoid liability if it establishes that "accommodating [Plaintiff] would require a fundamental modification [of the program or benefit] or an undue burden . . . ." *Juvelis v. Snider*, 68 F.3d 648, 653 (3d Cir. 1995) (quoting *Easley v. Snider*, 36 F.3d 297, 302 (3d Cir. 1994)). The court, however, will resolve the question of the propriety of Plaintiff's proposed accommodation at a later stage in this litigation. For now, Plaintiff has pleaded sufficient facts to state a claim under the ADA and RA.

*V.        Conclusion*

For the foregoing reasons, we will deny DPW's motion to dismiss. (Doc. 14). We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge