IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM GETZES, *by his mother and next friend, Alice Getzes*,
    Plaintiff

v.                            CIVIL NO. 1:13-CV-2067

BEVERLY MACKERETH, *in her official capacity as Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania*,
    Defendant

*M E M O R A N D U M*

*I.*      Introduction

This matter is before the court on the motion for preliminary injunction (Doc. 6) filed by Plaintiff William Getzes. Defendant Beverly Mackereth, in her official capacity as the Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania ("DPW"), opposes the motion. DPW also filed its own motion (Doc. 12) alternatively requesting that the court consolidate any preliminary injunction hearing with the trial on the merits of this matter pursuant to Federal Rule of Civil Procedure 65(a)(2).

For the reasons that follow, the court will grant DPW's motion, advance the trial on the merits, and consolidate it with the hearing on Plaintiff's motion for preliminary injunction. Accordingly, the court will defer ruling on Plaintiff's motion until after this joint proceeding is conducted.

*II.*      Background

Plaintiff–a disabled individual participating in the DPW-administered

Medical Assistance program that provides medical care to needy individuals–initiated this action following DPW's refusal to authorize his claim for reimbursement of expenses associated with the installation of fixed dental bridges, a type of permanent dental restoration used to replace missing teeth. In his complaint (Doc. 1) filed on August 2, 2013, Plaintiff contends that DPW's refusal to authorize payment: (1) violates his right to medically necessary dental care pursuant to Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 *et seq.* ("Medicaid Act"); and (2) constitutes a failure to reasonably accommodate his disabling cerebral palsy and seizure disorder, in violation of Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794.

As relief for these alleged harms, Plaintiff requests that the Court "[e]nter an injunction requiring [DPW] to provide for Plaintiff's fixed dental bridges through the Medical Assistance program." (Doc. 1 at 9-10). Plaintiff also seeks costs, fees, and a declaration from the court stating that DPW's conduct violates the ADA, RA, and Medicaid Act. (*Id.*).

On September 18, 2013, Plaintiff filed the instant motion for preliminary injunction (Doc. 6) requesting that the court: (1) enjoin DPW from denying payment for Plaintiff's fixed dental bridges; and (2) provide the declaratory relief sought in Plaintiff's complaint. In essence, Plaintiff requests that the court enter an injunction at this preliminary stage that would provide the same relief (except costs and fees) Plaintiff believes he is entitled to following a trial on the merits.

October 7, 2013, DPW responded by filing a motion to dismiss (Doc. 14) challenging the court's subject matter jurisdiction, and, in the alternative, a motion (Doc. 12) requesting that the court consolidate any preliminary injunction hearing with the trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). The court denied DPW's motion to dismiss by memorandum (Doc. 20) filed on October 28, 2013. In its remaining motion, DPW argues that advancing the trial on the merits is appropriate since DPW would have no recourse should it ultimately prevail at trial after the court awarded the "preliminary" relief Plaintiff now seeks.

*III.    Discussion*

A preliminary injunction is an extraordinary remedy that is not granted as a matter of right. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). "The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). Because the scope and procedural posture of a hearing for a preliminary injunction differs from a trial on the merits, "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." *Id.* at 157 (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1991)).

In appropriate circumstances, however, Rule 65(a)(2) provides a district court with the option of advancing the trial on the merits and consolidating it with a preliminary injunction hearing. Fed. R. Civ. P. 65(a)(2) (stating in pertinent part that "[b]efore or after the commencement of the hearing of an application for a preliminary

injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing"). Prior to consolidating, however, a district court should give the parties "clear and unambiguous notice" of its intent to do so. *Anderson*, 125 F.3d at 157.

In the case *sub judice*, the court concludes that advancing the trial on the merits and consolidating it with the preliminary injunction hearing is the appropriate course of conduct. Here, the "preliminary" relief Plaintiff seeks is the same which he hopes to ultimately obtain following a trial on the merits–an injunction ordering DPW to authorize payment for the fixed dental bridges, as well a declaration that DPW's conduct violated Plaintiff's federally protected rights. Moreover, given the permanent nature of fixed dental work and Plaintiff's acknowledged indigence and inability to provide any meaningful security (Doc. 18 at 13-14), DPW would be left without a remedy if it prevailed on the merits at trial after the court had already granted the preliminary relief Plaintiff now seeks. *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined . . . .").

Accordingly, the court will advance the trial on the merits in this matter and consolidate it with the preliminary injunction hearing pursuant to Rule 65(b)(2).

*V.     Conclusion*

For the foregoing reasons, we will grant DPW's motion (Doc. 12) requesting that the trial on the merits be advanced and consolidated with the preliminary injunction hearing. We will defer ruling on Plaintiff's motion for preliminary injunction (Doc. 6) until such consolidated hearing can be conducted. We will issue an appropriate order.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge